UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | INDICTMENT NO. **CR 120 102** |
| ) | |
| v.  ) | 21 U.S.C. § 846 |
| ) | Conspiracy to Possess With |
| CEDRIC BROWN, ) | Intent to Distribute and to |
| aka "Pop," ) | Distribute Controlled Substances |
| TELLY SAVALAS CARSWELL ) | (Methamphetamine, Heroin) |
| ) | |
| ) | 21 U.S.C. § 841(a)(1) |
| ) | Possession of a Controlled |
| ) | Substance with Intent to |
| ) | Distribute |
| ) | (Methamphetamine, Heroin) |
| ) | |
| ) | 21 U.S.C. § 856(a)(1) |
| ) | Using or Maintaining a Drug- |
| ) | Involved Premises |

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>
*Conspiracy to Possess With Intent to Distribute and
to Distribute Controlled Substances (Methamphetamine, Heroin)*
21 U.S.C. § 846

Beginning on a date at least as early as January 3, 2020, up to and including May 7, 2020, the precise dates being unknown, in Burke County, within the Southern District of Georgia, and elsewhere, the defendants,

**CEDRIC BROWN,
aka "Pop,"
TELLY SAVALAS CARSWELL,**

aided and abetted by each other and by others known and unknown, with some joining the conspiracy earlier and others joining later, did knowingly and intentionally combine, conspire, confederate and agree together and with each other,

2

and with others known and unknown, to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a quantity of heroin, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2.

## COUNT TWO
*Possession of Controlled Substances with Intent to Distribute*
*(Methamphetamine, Heroin)*
21 U.S.C. § 841(a)(1)

On or about May 7, 2020, in Burke County, within the Southern District of Georgia, and elsewhere, the defendants,

**CEDRIC BROWN,**
**aka "Pop,"**
**TELLY SAVALAS CARSWELL,**

did knowingly and intentionally possess 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a quantity of heroin, a Schedule II controlled substance, with the intent to distribute.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THREE
*Maintaining or Using a Drug-Involved Premises*
21 U.S.C. § 856(a)(1)

Beginning on a date at least as early as January 3, 2020, and continuing through May 7, 2020, the precise dates being unknown, in Burke County, within the Southern District of Georgia, the Defendants,

**CEDRIC BROWN,
aka "Pop,"
TELLY SAVALAS CARSWELL,**

aided and abetted by each other and others unknown, did unlawfully and knowingly use and maintain a place located at 272 North Railroad Street, Midville, GA, 30441 for the purpose of manufacturing, distributing, and using a controlled substance, in violation of Title 21, United States Code, Section 856(a)(1).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21 United States Code, Section 853(a), and Title 28, United States Code, Section 2461.

2. Upon conviction of the offenses alleged in Counts One through Three as set forth in this Indictment, the defendant,

**CEDRIC BROWN,
aka "Pop,"
TELLY SAVALAS CARSWELL,**

4

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. Additionally, upon conviction of the offenses alleged in Counts One through Three of this Indictment, pursuant Title 21, United States Code, Section 853(a,) defendant,

**CEDRIC BROWN,**
**aka "Pop,"**
**TELLY SAVALAS CARSWELL,**

shall forfeit to the United States, any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the alleged offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the alleged offenses, including but not limited to the property located at 272 North Railroad Street, Midville, GA, 30441

4. Additionally, the Government intends on seeking a money judgment totaling the gross receipts obtained directly as a result of the violation.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and 28 U.S.C. § 2461(c).

A True Bill.

_____
David H. Estes
First Assistant United States Attorney

_____
Matthew A. Josephson
Assistant United States Attorney
*Lead Counsel

_____
Karl I. Knoche
Assistant United States Attorney
Chief, Criminal Division